UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID DEAN CROFT,
Now Known As
DAVID DARK HORSE,

        Petitioner,

v.                     Case No. 8:11-cv-58-T-17TGW

SECRETARY, DEPARTMENT OF CORRECTIONS,

        Respondent.

_____

O R D E R

This cause is before the Court on Croft's 28 U.S.C. § 2254 petition. Croft challenges his plea-based conviction and life sentence for first degree murder which arises out of the Sixth Judicial Circuit, Pinellas County, Florida, in case no. 83-04772. (Doc.  1). A review of the record demonstrates that, for the following reasons,  the present petition must be **denied**.

**PROCEDURAL HISTORY**

In 1983, Croft was indicted in case no. 83-04772 for his role in the brutal slaying of P.F., a 15-year-old girl. Croft's codefendant, Jeff Murphy, was found guilty of first degree murder after a jury trial and sentenced to life in prison. Subsequently, on August 18, 1984, Croft pled guilty to first degree murder, and the state waived the death penalty. Adjudicated guilty as charged, Croft was sentenced to life in prison without eligibility for parole for a minimum mandatory prison term of 25 years. Croft did not appeal his judgment.

More than two years after his judgment became final, Croft filed a pro se rule 3.850 motion for postconviction relief dated February 9, 1988.  Therein, he claimed, among other things, his trial counsel led him to believe that by pleading guilty, he would be out of prison in five years. In the same ground, he asserted he did not understand what life with a mandatory 25-year prison term meant. Applying rule 3.850's time limitation, the state trial court dismissed Croft's motion as untimely filed -- a ruling which was per curiam affirmed on April  20, 1988. *Croft v. State*, 525 So. 2d 886 (Fla. 2d DCA 1988)[table].

On August 11, 1988, Croft filed a pro se 28 U.S.C. § 2254 petition for writ of habeas corpus in case no. 88-1241-CIV-T-15C. After Croft was appointed counsel, the parties filed a pre-evidentiary stipulation reflecting that Croft's grounds included his contentions that Croft's plea was coerced by his trial counsel and was not knowingly and voluntarily entered, and his counsel did not fully inform him of the consequences of his plea, his options, and his right to appeal. In response, the Respondent maintained, and Croft's counsel conceded, the grounds were procedurally barred. The Magistrate Judge recommended dismissal for Croft's failure to exhaust cause to excuse his procedural default.[1] Adopting the report and recommendation of the Magistrate Judge, the Honorable William J. Cartagena dismissed Croft's first-filed federal petition without prejudice. Judgment  was entered August 6, 1990.

On February 15, 2000, Croft filed a pro se petition for belated appeal in state court. On March 27, 2000, the state district court of appeal denied the petition without written decision in case no. 2D00- 456. *Croft v. State*, 767 So. 2d 1213 (Fla. 2d DCA 2000)[table]. After  seeking rehearing, Croft took a voluntary dismissal on September 11, 2000. *Croft v. State*, 767 So. 2d 1213 (Fla. 2d DCA 2000) [table].

Croft filed a pro se "amended" rule 3.850 motion for postconviction relief or in the alternative, petition for writ of habeas corpus dated July 19, 2000.  Finding that Croft did

---

[1] Croft, through his habeas counsel, agreed the matter of cause needed to be exhausted.

not meet Florida's newly discovered evidence exception to rule 3.850's two-year time limit, the state trial court denied the rule 3.850 motion as untimely-filed and declined to consider such as a petition for writ of habeas corpus. Croft appealed, and on January 12, 2001, the state appellate court affirmed without written decision in case no. 2D00- 3659. *Croft v. State*, 782 So. 2d 873 (Fla. 2d DCA 2001)[table]. The mandate issued February 5, 2001.

Croft filed a pro se 28 U.S.C. § 2254 petition dated November 13, 2001, in case no. 8:01-CV-2169-T-17EAJ. Croft's second-filed petition was dismissed for Croft's failure to remit the filing fee. Judgment was entered December 19, 2001.

On December 2, 2002, Croft filed a pro se motion to correct illegal sentence pursuant to Fla.R.Crim.P. 3.800(a). On March 7, 2003, the state district court of appeal affirmed the state trial court's denial of relief in case no. 2D03-25. *Darkhorse v. State*, 840 So. 2d 232 (Fla. 2d DCA 2003)[table]. The mandate issued April 3, 2003.

By then, Croft had filed another pro se rule 3.850 motion dated March 19, 2003. Finding that Croft's allegations had been previously addressed, the state trial court denied the rule 3.850 motion as successive. Croft appealed, and on September 24, 2003, the state district court of appeal per curiam affirmed the denial of relief in case no. 2D03-2369. *Darkhorse v. State*, 860 So. 2d 417 (Fla. 2d DCA 2003)[table]. The mandate issued October 20, 2003.

Croft filed a pro se petition for writ of habeas corpus in the circuit court in Miami-Dade County. On June 11, 2008, the state district court of appeal, in case no. 3D07-2762 affirmed, stating: We affirm the lower court's denial of the petition for writ of habeas corpus. Our affirmance, however, is without prejudice to appellant filing any appropriate challenges to his convictions or sentences pursuant to Florida Rule of Criminal Procedure 3.850 or 3.800 in the judicial circuit in which these convictions and sentences were rendered [FN1] and/or to file any appropriate action against the Florida Parole Commission for relief. [FN2]

FN1. *See Gilbert v. State*, 972 So.2d 904 (Fla.3d DCA 2007); *Broom v. State*, 907 So.2d 1261 (Fla. 3d DCA 2005).

FN2. *See Sheley v. Fla. Parole Comm'n*, 720 So.2d 216 (Fla. 1998). *Dark Horse v. State*, 984 So. 2d 610 (Fla. 2d DCA 2008).

Croft then filed a pro se Fla.R.Crim.P. 3.850 motion for postconviction relief dated September 22, 2008. Therein, the state made an agreement to give him the opportunity for parole after 25 years. (Resp. Ex. 50 at 4) He claimed the state prosecutor recommended parole be denied and in so doing, denied him the opportunity for parole, breaching the terms of his plea agreement. In addition, he claimed his parole hearing was illegal and the result predetermined. By order rendered October 29, 2008, the state trial court transferred the rule 3.850 motion to the Judicial Circuit Court in Leon County, Florida. Croft sought rehearing. In an order denying rehearing, the state trial court addressed his ground, finding that regardless of the state's position, Croft was eligible for parole after 25 years and he had the opportunity to request parole.

Croft appealed, and on December 9, 2010, the state district court of appeal per curiam affirmed the state trial court's denial of rule 3.850 relief in case no. 2D09-465. *Croft v. State*, 25 So. 3d 1233 (Fla. 2d DCA 2009)[table]. Following denial of rehearing, the mandate issued February 2, 2010.

Upon transfer of his rule 3.850 motion, Croft took a voluntary dismissal, concluding the state trial court had no jurisdiction to review his proceedings. Accordingly, his rule 3.850 motion was dismissed by order rendered in case no. 2008 CA003699.

Croft filed another pro se rule 3.850 motion dated January 27, 2010. Pointing out that his issue was previously addressed in the order denying rehearing, the state trial court reiterated that Croft had an opportunity for parole and a hearing was held on his parole request. With respect to Croft's claim that the state, in recommending denial of parole, reneged on its promise and he was denied the opportunity for parole, the claim was rejected as meritless. The state trial court again pointed out that regardless of the state's position, Croft was eligible for parole after 25 years and he had the opportunity to request

- 4 -

parole before the Florida Parole Commission. Croft appealed the summary denial, and on November 3, 2010, the state district court of appeal per curiam affirmed the state trial court's decision in case no. 2D10-1696. *Croft v. State*, 49 So. 3d 241 (Fla. 2d DCA 2010)[table]. Following denial of rehearing, the mandate issued December 16, 2010.

## Present Petition Is Time-Barred

The instant pro se 28 U.S.C. § 2254 petition, which reflects that the petition was delivered to prison officials for mailing on December 21, 2010, raises one ground for relief. According to Croft, he was informed by his attorney that by entering his plea, he would serve 25 years in prison; on the other hand, if he tried his case and was found guilty of second degree murder, he would receive a 99-year prison sentence, on which he would serve 33 years (under then applicable state provisions regarding retention of jurisdiction). Croft contends the prosecutor breached negotiated plea terms at a parole hearing held January 31, 2007. (Doc. 1 at 6).

In his habeas memorandum, Croft alleges he was told by his counsel that if he took the plea and stayed out of trouble, he could be home on clemency in five years. Croft then asserts the prosecutor "waived the death penalty on the assurance Dark Horse served twenty-five 25 years under the Life Imprisonment Statute" ... lending more credence to 18-year old Dark Horse's belief and understanding that he would be released after 25 years based upon the plea agreement." (Memo at 3).

Croft's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996. The AEDPA established a one-year statute of limitations for federal habeas corpus actions, 28 U.S.C. § 2244(d)(1). Subsection (2) of § 2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  In *Artuz v. Bennett*, 531 U.S. 4 (2000), the Supreme Court held an application for state

postconviction review may be considered "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) even if the application fails to comply with state-law procedural requirements that preclude relief on the merits of the applicant's claims. *Id.*, 531 U.S. at 8. Because Croft's judgment was final before enactment of the AEDPA, the one-year statute of limitations did not begin to run prior to the date of the AEDPA's enactment, April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 322-23, 336-37 (1997). Croft did not have a tolling motion pending during the grace period. He does not suggest otherwise.

Unless Croft establishes that he is entitled start his AEDPA time clock at a later date, see § 2244(d)(1)(B)-(D), or is entitled to equitable tolling of the limitations period, the petition is time-barred. With respect to each of Croft's allegations concerning his counsel's advice as to his sentencing exposure and the amount of time he would serve in prison, Croft had one year from April 24, 1996, to bring such claims. There being no tolling motion pending during his grace period, all Croft's assertions are time-barred.

Croft does not suggest he could not have discovered within his grace period the factual predicate for his claims relative to his counsel's advice as to his sentencing exposure and the length of time he would spend in prison. Instead, Croft calculates for himself a later start date with regard to one contention -- namely, his accusation that the prosecutor breached the plea terms by appearing at a January 31, 2007, parole hearing and requesting the Commission incarcerate Croft and his codefendant for the rest of their lives "as retribution for the crime." (Doc. 1-1 at 4). According to Croft, his AEDPA limitations period did not start until January 31, 2007, after which Croft maintains he diligently pursued the factual predicate for his claim that the state agreed to forebear recommendation to the parole commission.

Under § 2244(d)(1)(D), the Court must assess the timeliness of the petition on a claim-by-claim basis. *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 1813 n. 6 (2005). Pursuant to § 2244(d)(1)(D), the time begins to run when petitioner knows, or through due

diligence, could have discovered, the important facts for his or her claims, not when petitioner recognizes the facts' legal significance. *Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir. 2000). "Section 2244(d)(1) (D) does not convey a statutory right to an extended delay ... while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998).

Croft could have ascertained the factual underpinnings for his ground within his grace period. The record of the plea hearing holds no mention of any agreement regarding parole or the length of time Croft would actually serve on his life sentence. Croft was present, and it behooved him, as a matter of due diligence, to raise any extra-record promise or assurances in such regard at that time, or, alternatively, no later than one year after finality of judgment. Where, as here, a Florida prisoner claims he entered his plea with an understanding he would be released after 25 years (Memo at 11), his AEDPA start date is controlled by § 2244(d)(1)(A) and not § 2244(d)(1)(D). A prisoner having knowledge of a extra-record inducement when his judgment is final cannot employ § 2244 (d)(1)(D) to reset his AEDPA time clock.

At any rate, the factual predicate for Croft's contention that his plea terms were violated was ascertainable no later than January 31, 2007. Although Croft asserts he was not present at the parole hearing, his allegations reflect that the preceding day, his wife was present at a meeting at which it became evident a decision was made to deny parole. Furthermore, his wife's affidavit indicated she was present at the hearing. Thus, Croft's factual underpinnings were ascertainable with diligence by January 31, 2007. Croft did not file his federal petition within one year thereafter, and he did not have a collateral application pending in state courts which constituted a tolling motion.

Despite any contention otherwise, none of the period of time Croft's pro se petition for writ of habeas corpus filed in Miami-Dade County was statutorily tolled. To the extent

he sought review of the denial of parole, Croft's state petition was not an "application for State post-conviction or other collateral review" with respect to the pertinent judgment for purposes of § 2244(d)(2). In Florida, a petition challenging parole denial is not a method of attacking a criminal judgment.

Moreover, if and to the extent Croft's state petition challenged his judgment, such was not "properly filed" because the circuit court where he filed his petition had no jurisdiction to review the legality of a conviction in another circuit. *See Calloway v. State*, 699 So. 2d 849, 850 (Fla. 3d DCA 1997)["[A] circuit court has no jurisdiction to review the legality of a conviction in another circuit ...." (quoting *State v. Broom*, 523 So.2d 639, 641 (Fla. 2d DCA 1988))]; *Johnson v. State*, 947 So. 2d 1192, 1192-93 (Fla. 3d DCA  2007), and *Leichtman v. Singletary*, 674 So. 2d 889, 891 (Fla. 4th DCA 1996).

However, the Court recognizes that in *Thompson v. Sec'y, Dept. of Corr.*, 595 F.3d 1233, 1237 (11th Cir. 2010), the Eleventh Circuit rejected the state's contention that a petitioner's state habeas petition was not properly filed for purposes of § 2244(d)(2) because the petition was filed in the county where the petitioner was detained rather than where he was sentenced. Nevertheless, *Thompson* does not preclude the conclusion that Croft's state habeas petition was not "properly filed" under 28 U.S.C. 2244(d)(2).

There, the Eleventh Circuit stated that if a habeas petition filed by a noncapital defendant asserts claims belonging in a rule 3.850 motion, the Florida Supreme Court has instructed the court to dismiss the petition as "unauthorized" and not, the *Thompson* Court states, for lack of jurisdiction. *Thompson, supra, citing Baker v. State*, 878 So. 2d 1236, 1245-46 (Fla. 2004). The *Thompson* Court reasoned such distinction recognizes that Florida courts still retain jurisdiction over habeas corpus petitions which remain available "as a means to correct manifest injustices." *Id., citing Baker* at 1246 (Anstead, C.J., specially concurring), and *Chandler v. Crosby*, 916 So.2d 728, 738 (Fla. 2005) (*per curiam*) (Anstead, J., specially concurring) ("Whatever our intent behind the adoption of rule

3.850(b)(2) or other procedural regulations, we have always made clear that any restriction on habeas relief ... could never be absolute.").

The Eleventh Circuit went on to point out the fact that Thompson did not succeed in obtaining habeas relief on his claims -- because the claims belonged in a rule 3.850 motion -- did not mean he filed his habeas petitions in the wrong court, or that his petitions were not "properly filed" under § 2244(d)(2). *Thompson, supra, citing Artuz*, 531 U.S. at 11, (concluding that applications which violate a state's procedural bar rules "will not be successful, but they have been properly delivered and accepted so long as the filing conditions have been met"). Even so, the Court held that Thompson had correctly filed his state habeas petitions in the circuit court of the county of incarceration and the district court of appeal. *Id.*

Thus, it appears the facts in *Thompson* are distinguishable from the instant case. Here, in contrast, there is no question that the state circuit court where Croft lodged his petition was not in the circuit of conviction. Neither the state circuit court in Miami-Dade County, nor the Third District Court of Appeal, had jurisdiction to review Croft's conviction.

On appeal, the state raised Florida's filing requirements regarding the circuit court having jurisdiction over a judgment. The Third District affirmed without prejudice to Croft's filing any appropriate challenges to his conviction or sentence pursuant to Florida Rule of Criminal Procedure 3.850 or 3.800 in the state judicial circuit in which the conviction and sentence was rendered. In so holding, the state appellate court cited *Gilbert v. State*, 972 So. 2d 904 (Fla. 3d DCA 2007); *Broom v. State*, 907 So. 2d 1261 (Fla. 3d DCA 2005) -- decisions resting on the state's rules governing the circuit having jurisdiction to review the judgment.

An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it

must be lodged, and the requisite filing fee. *Artuz v. Bennett*, 531 U.S. at 8 (footnote omitted). *In Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807 (2005), the Supreme Court reiterated its explanation in *Artuz* "that jurisdictional matters and fee payments, both of which often necessitate judicial scrutiny, are "condition[s] to filing." *Artuz*, 531 U.S. at 9. Although Florida courts have jurisdiction to issue habeas petitions, a circuit or district court does not have jurisdiction to review a judgment in another circuit. Because jurisdiction did not lie in Miami-Dade County or the Third District to review Croft's judgment, Croft's habeas petition was improperly filed. Thus, it does not constitute a "properly filed" application under § 2244(d)(2). *Cf., Lewis v. Norris*, 454 F.3d 778 (8th Cir. 2006)(Arkansas county court's general subject matter jurisdiction over habeas corpus petitions did not suffice to render petition filed in court of county other than that in which petitioner was incarcerated, which was the only county court that had personal jurisdiction under Arkansas law to order petitioner's release, properly filed, under tolling statute.).

Croft would later file a rule 3.850 motion in the circuit of conviction, but he filed it too late. By the time he filed his September 22, 2008, rule 3.850 motion, more than a year had elapsed after the January 31, 2007, parole hearing. Thus, even if deemed "properly filed," his 2008 rule 3.850 motion had no practical tolling effect. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir.2001) (properly filed state court collateral pleading filed after expiration of limitations period cannot toll that period because there is no period remaining to be tolled); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (even "properly filed" state court petitions must be "pending" in order to toll the limitations period).

The Supreme Court has held that the AEDPA's statutory limitations period set forth in § 2244(d) may be equitably tolled in appropriate cases. *Holland v. Florida*, 130 S.Ct. 2549, 2552 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." 130 S.Ct. at 2553. The decision

as to whether to exercise the "court's equity powers ... must be made on a case-by-case basis." *Id.*

As a threshold matter, Croft does not demonstrate he exercised "reasonable diligence" to warrant equitable tolling. *See Holland*, 130 S.Ct. at 2565. After the January 31, 2007, parole hearing, Croft tarried unnecessarily in raising his claim in a rule 3.850 motion in the circuit of conviction. Moreover, Croft does not allege and show any extraordinary circumstance that would have prevented his timely filing his federal petition. Not overcoming the high hurdle of the requisite diligence and not showing extraordinary circumstances prevented a timely filing, Croft fails to present a justifiable reason to avoid the preclusive effect of the AEDPA's one-year limitations period.

Accordingly, the petition is time-barred.

## DISCUSSION

Alternatively, even if the discussion of the ground(s) in the instant petition are reached, the posture does not improve.

## STANDARDS OF REVIEW -- GOVERNING PRINCIPLES

### Federal Question

Title 28 U.S.C. § 2254 explicitly requires a federal court to entertain an application for writ of habeas corpus only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187, 192 (1983), citing *Engle v. Isaac,* 457 U.S. 1141, 73 L.Ed.2d 1361, 102 S.Ct. 3474 (1982); *Smith v. Phillips*, 455 U.S. 209, 71 L.Ed.2d 78, 102 S.Ct. 940 (1982). The writ of habeas corpus, 28 U.S.C. § 2254, was not enacted to enforce state-created rights. *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas

corpus review is of equal force. *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976).

**Exhaustion and Procedural Default**

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. See 28 U.S.C. § 2254(b), (c). To properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). Pursuant to the procedural default doctrine, a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitutional claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules, is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default, *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977), or the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent," as contemplated in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986).[2]

---

[2] The "cause" excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct. *Id.,* 477 U.S. at 488. To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted).

The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998); *Murray v. Carrier*, 477 U.S. 478, 495-96, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo,* 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Schlup,* 513 U.S. at 324.

### The AEDPA's Anchors

The AEDPA modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure state-court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 122 S.Ct. 1843, 1849, 152 L.Ed.2d 914 (2002). Under § 104 of the AEDPA, § 2254(d) now forbids federal courts from granting habeas relief for claims that previously were "adjudicated on the merits" in state court, unless the petition can establish that the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" Supreme Court law, or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2). When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary. *Harrington v. Richter*, 131 S.Ct. 770, 784-85, 178 L.Ed.2d 624 (2011). Where the state court does explain its reasoning, that decision receives AEDPA deference even if the state court fails to cite -- or is not even aware of -- relevant Supreme Court precedent. *Childers v. Floyd*, 2011 WL 2162083 (11th Cir. June 2, 2011), citing *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 365, 154 L.Ed.2d 263 (2002) (per curiam).

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This language requires an examination of the state court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398–1401 (2011).

In addition, § 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court." *Robinson v. Moore*, 300 F.3d 1320, 1342 (11th Cir. 2002). The federal court will presume the correctness of state court findings of fact, unless the petitioner is able to rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

Congress, in passing the AEDPA also erected additional barriers limiting a habeas petitioner's right to discovery or an evidentiary hearing. *Crawford v. Head*, 311 F.3d 1288, 1328-1329 (11th Cir. 2002). Under 28 § 2254(e)(2), if a habeas applicant "has failed to develop the factual basis of a claim in State court proceedings, the [federal] court shall not hold an evidentiary hearing on the claim" unless he shows --

(A) the claim relies on--

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.*

Croft's ground does not rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2254(e)(2)(A)(i). He does not rely on "a factual predicate that could not have been previously discovered through the exercise of due diligence." Id. § 2254(e)(2)(A)(ii). Moreover, his allegations, even if adduced, would not entitle him to relief, and he cannot develop a factual basis that he did not diligently investigate and pursue in state court. Accordingly, he is not entitled to an evidentiary hearing on his ground.

## The Merits of Croft's Ground for Relief

Croft does not dispute his first degree murder conviction and life sentence comport with his plea terms. Instead, Croft contends the state prosecutor breached the plea agreement by recommending denial of parole at his parole hearing on January 31, 2007. Croft raised these assertions in his 2008 rule 3.850 motion, which was addressed by the postconviction court. Croft did not, however, fairly present the postconviction court a claim, as he does here, that he entered his plea with an understanding he would serve at most 25 years in prison. (Memo at p. 11) Croft alleged in his rule 3.850 motion that the prosecutor, by urging Croft's parole be denied, effectively changed his sentence from life with the possibility of parole to life without parole. (Resp. Ex. 50 at p. 6) He did not, however specifically assert that the prosecutor agreed that Croft would be released after 25 years. The claim before the postconviction court was that a term of his agreement was that he was to be eligible for parole (Resp. Ex. 50 at p. 3) and the prosecutor by testifying at the hearing not only denied him "the opportunity" for parole at that time, but thwarted any future possibility he had for parole. (Resp. Ex. 50 at p. 5).

This ground is exhausted only to the extent of Croft's allegations in his rule 3.850 motion. To the extent Croft presents additional factual assertions or different arguments to support his ground, such are not properly exhausted and are now procedurally barred. If a petitioner asserts new allegations of ineffective assistance of counsel that were not timely and properly raised in state court, they may not be considered by this Court. *See Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992); *Jackson v. Herring*, 42 F.3d 1350, 1355 (11th Cir.), *reh'g. denied*, 51 F.3d 1052 (11th Cir. 1995)(petitioner's ineffective assistance claim was not raised in state court and was procedurally barred).

Croft's added assertions are barred by the two-year limit of rule 3.850, see *Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.) (recognizing and applying two-year bar of Rule 3.850), *cert. denied*, 498 U.S. 834, 111 S.Ct. 102, 112 L.Ed.2d 73, (1990), and by the state's

successive petition doctrine. *See e.g., Pope v. State*, 702 So.2d 221, 223 (Fla.1997) (successive postconviction relief motions filed after the expiration of the time limit must be based on newly discovered evidence). Any cause allegation is itself barred by the two-year time limit of rule 3.850 and the state's successive petition bar. Not showing cause, Croft cannot avoid his default, as the cause and prejudice components are in the conjunctive and thus both must be established to escape the preclusive effect of his procedural default. *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

Even if he could show valid cause, Croft does not allege and meet the prejudice component of *Wainwright v. Sykes*. Nor does he qualify for the fundamental miscarriage of justice exception. He has no new and reliable evidence of actual innocence as contemplated by *Schlup*.

Alternatively, Croft fails to make a threshold showing of entitlement to relief under 28 U.S.C. §2254(d). He does not show that the state court decision resulted in an unreasonable application of established Supreme Court precedent or an unreasonable determination of the facts in light of the record. It is clearly established federal law that a criminal defendant has a due process right to enforce the terms of his plea agreement. *Santobello v. New York*, 404 U.S. 257, 261-62, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). The construction and interpretation of the plea agreement are, within broad bounds of reasonableness, matters of state contract law. *Ricketts v. Adamson*, 483 U.S. 1, 5 n. 3, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987).

In Croft's case, there is no evidence his subjective expectations about the length of service on his sentence were part of the plea agreement. During the plea hearing, Croft assured the court he understood he would be sentenced to life with a minimum mandatory sentence of 25 years, during which time he would not be eligible for parole. (Resp. Ex. 1 at p. 5). There was no mention during the colloquy of any agreement regarding parole. In

fact, Croft specifically confirmed no one had promised him any hope of reward or leniency to enter his plea. (Resp. Ex. 1 at p. 5).

"[T]he representations of the defendant ... [at a plea proceeding] as well as any findings made by the judge accepting a plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Croft's self-serving assertions do not overcome this presumption. *Cf., Dillard v. Martel*, 2008 WL 4382224 (C.D. Cal. 2008)(unpublished)(where nothing in record showed length of the parole term was an element of the negotiations, petitioner's bald allegation, alone, was insufficient to establish a three-year parole period was part of his agreement, and his challenge regarding parole duration was properly treated as relating to judicial misadvisement, rather than a breach of a plea term).

In addition, Croft does not overcome by clear and convincing evidence § 2254(e)(1)'s presumption of correctness attendant the state court's findings in concluding Croft knew full well the consequences of his actions in entering his plea** (Resp. Ex. 1 at p. 7), or the postconviction court's finding he had the opportunity for parole. It is objectively reasonable to conclude on this record Croft had no bargained-for guarantee of release after 25 years in prison or that the prosecutor would forbear opposition to his bid for parole. Thus, even if his ground is reached, the silent affirmance resulted in a reasonable application of *Santobello* and a reasonable determination of the facts in light of the evidence.

Accordingly, the Court orders:

That Croft's petition is denied. The Clerk is directed to enter judgment against Croft and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on October 17, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
David Dean Croft